IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| JOSEPH L. CRAPAROTTA | * | |
| 3000 Ford Road, C-37 | | |
| Bristol, Pennsylvania 19007 | * | **CCB07CV3286** |
| | | |
| Plaintiff | * | Case No. _____ |
| | | |
| v. | * | |
| | | |
| BRIAN S. ROGERS | * | |
| 5580 New Colony Dr. | | |
| Virginia Beach, VA 23464 | * | |
| | | |
| and | * | |
| | | |
| MT. AIRY AUTO TRANSPORTERS, LLC | * | |
| Serve: Keith R Havens, Esq. | | |
| 2401 Research Blvd., Ste 308 | * | |
| Rockville, Maryland 20850 | | |
| | * | |
| and | | |
| | * | |
| SUPERIOR AUTO SERVICE, INC. | | |
| Serve: David E. Taggart | * | |
| 25945 Largo Court | | |
| Damascus, Maryland 20872 | * | |
| | | |
| JOHN and/or JANE DOE | * | |
| fictitious names, the real names | | |
| being unknown to the Plaintiff | * | |
| | | |
| Defendants | * | |

\*        \*        \*        \*        \*        \*        \*        \*        \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Joseph L. Craparotta, Plaintiff, by his attorneys, David E. Carey and Brown, Brown

and Young, P.A., sues Brian S. Rogers, Mt. Airy Auto Transporters, LLC, Superior Auto

Service, Inc. and John and/or Jane Doe, Defendants, and states as follows.

## JURISDICTION AND VENUE

1. Jurisdiction and venue in this Court are appropriate because the Plaintiff is a resident of the State of Pennsylvania and Defendant Rogers is a resident of the State of Virginia, Defendant Mt. Airy Auto Transporters, LLC has its principal office in Frederick County, Maryland and Defendant Superior Auto Service, Inc. has its principal office in Montgomery County, Maryland.

## **COUNT I**

2. On or about December 8, 2005, Plaintiff was the operator of a motor vehicle traveling in a generally easterly direction on Ridge Road at or near its intersection with U.S Route One in the Township of South Brunswick, Middlesex, New Jersey.

3. At the time and place aforesaid, Defendant Mt. Airy Auto Transporters was the owner of a tractor-trailer which was being operated by Defendant Brian S. Rogers, which vehicle was traveling in a southerly direction on U.S. Route One in the Township of South Brunswick, Middlesex, New Jersey.

4. At the time and place aforesaid, the defendants so carelessly negligently operated and maintained their vehicle so as to cause an accident involving a motor vehicle collision.

5. As a proximate result thereof, Plaintiff sustained serious personal injuries, both internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured. Plaintiff has in the past, and will, in the future, be required to obtain medical, hospital and nursing care, has suffered lost and/or reduced wages and/or earnings, and/or earning capacity, has been

prevented from performing his usual duties, and will be so prevented for a long time to come.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly, individually and in the alternative, on Count I for damages, together with interest and costs of suit.

## COUNT II

Plaintiff hereby incorporates the allegations set forth in Paragraphs 1-5 as if fully restated herein.

6. On and before December 8, 2005, Defendant Superior Auto Sales, Inc. and/or its agents, servants and/or employees did engage in the design, manufacture, fabrication, assembly, distribution, sale, lease, maintenance and/or repair of a certain truck and/or its component parts, including its brake system.

7. On and before December 8, 2005, Defendant Superior Auto Sales, Inc. and/or its agents, servants and/or employees were negligent and careless, breached warranties of merchantability and fitness for a particular purpose, and placed a product defective in design, manufacture and/or warnings into the stream of commerce so as to be strictly liable in tort with respect to the design, manufacture, fabrication, assembly, sale, lease, maintenance and/or repair of the said truck and/or its component parts, including its brake system.

8. At the time and place aforesaid, the defendant in their actions and the actions of their agents, servants and/or employees were negligent and careless, breached warranties of merchantability and fitness for a particular purpose, and placed a product defective in design, manufacture and/or warnings into the stream of commerce so as to be strictly liable in tort with respect to the design, manufacture, fabrication, assembly, sale, lease, maintenance and/or

repair of the said truck and/or its component parts, including its brake system.

9. As a proximate result thereof, Plaintiff sustained serious personal injuries, both internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured. Plaintiff has in the past, and will, in the future, be required to obtain medical, hospital and nursing care, has suffered lost and/or reduced wages and/or earnings, and/or earning capacity, has been prevented from performing his usual duties, and will be so prevented for a long time to come.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly, individually and in the alternative, on Count II for damages, together with interest and costs of suit.

## COUNT III

Plaintiff hereby incorporates the allegations set forth in Paragraphs 1-9 as if fully restated herein.

10. On and before December 8, 2005, the defendants, John Doe and/or John Doe, Inc. (said names being fictitious and delineating one or more named, but presently unknown individuals or business associations), did engage in the design, manufacture, fabrication, assembly, distribution, sale, lease, maintenance and/or repair of a certain truck and/or its component parts, including its brake system.

11. At the time and place aforesaid, the defendants were negligent and careless, breached warranties of merchantability and fitness for a particular purpose, and placed a product defective in design, manufacture and/or warnings into the stream of commerce so as to be strictly liable in tort with respect to the design, manufacture, fabrication, assembly, sale,

lease, maintenance and/or repair of the said truck and/or its component parts, including its brake system.

12. As a proximate result thereof, Plaintiff sustained serious personal injuries, both internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured. Plaintiff has, in the past, and will, in the future, be required to obtain medical, hospital and nursing care, has suffered lost and/or reduced wages and/or earnings, and/or earning capacity, has been prevented from performing his usual duties, and will be so prevented for a long time to come.

**WHEREFORE**, plaintiff demands judgment against the defendants on Count III of the Complaint, for damages, together with interest and costs of suit.

## COUNT IV

Plaintiff hereby incorporates the allegations set forth in Paragraphs 1-12 as if fully restated herein.

13. The defendants expressly and/or impliedly warranted and represented that the truck and/or appurtenances, including its component parts, including its brake system, were of merchantable quality and were fit for the uses and purposes intended.

14. The defendants breached said warranties in that the said truck and/or its appurtenances, including its component parts, including its brake system, were not of merchantable quality, fit or safe for the purposes for which they were designed, constructed, manufactured, fabricated, assembled, distributed, sole, leased, installed, maintained and/or repaired, intended and used, and further, were not free from all defects.

15. As a proximate result thereof, Plaintiff sustained serious personal injuries, both

internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured.  The plaintiff has, in the past, and will, in the future, be required to obtain medical, hospital and nursing care, has suffered lost and/or reduced wages and/or earnings, and/or earning capacity, has been prevented from performing his usual duties, and will be so prevented for a long time to come.

WHEREFORE, plaintiff demands judgment against the defendants on Count IV of the Complaint, for damages, together with interest and costs of suit.

## COUNT V

Plaintiff hereby incorporates the allegations set forth in Paragraphs 1-15 as if fully restated herein.

16.  The said truck and/or its appurtenances, including its component parts, including its brake system, were defective in design and manufacture when placed by the defendants into the stream of commerce and the defendants failed to warn of the hazards thereof so that the defendants are strictly liable in tort to the plaintiff.

17.  As a proximate result thereof, Plaintiff sustained serious personal injuries, both internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured.  Plaintiff has, in the past, and will, in the future, be required to obtain medical, hospital and nursing care, has suffered lost and/or reduced wages and/or earnings, and/or earning capacity, has been prevented from performing his usual duties, and will be so prevented for a long time to come.

WHEREFORE, plaintiff demands judgment against the defendants on  Count V of

the Complaint, for damages, together with interest and costs of suit.

David E. Carey Ba No. 06966
Brown, Brown & Brown, P.A.
200 South Main Street
Bel Air, Maryland   21014
(410) 879-2220
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Joseph L. Craparotta, by his attorneys, David E. Carey and Brown, Brown and Young, P.A., demands a trial by jury to determine all issues in this matter.

David E. Carey